14-1273

# In the
# United States Court of Appeals
## for the Federal Circuit

WARNER CHILCOTT COMPANY, LLC,

*Plaintiff-Appellee,*

v.

AMNEAL PHARMACEUTICALS OF NEW YORK, LLC. and AMNEAL PHARMACEUTICALS, LLC,

*Defendants-Appellants.*

Appeal from the United States District Court
For the District of New Jersey in Case No. 12-CV-2923,
Judge Joel A. Pisano.

## APPELLANTS' UNOPPOSED MOTION TO CONSOLIDATE

PAUL H. KOCHANSKI
LERNER, DAVID, LITTENBERG,
KRUMHOLZ & MENTLIK, LLP
600 South Avenue West
Westfield, New Jersey 07090
(908) 518-6314

*Counsel for Defendants-Appellants
Amneal Pharmaceuticals of New
York, LLC and Amneal
Pharmaceuticals, LLC*

February 18, 2014

14-1262

# In the
# United States Court of Appeals
## for the Federal Circuit

WARNER CHILCOTT COMPANY, LLC,

*Plaintiff-Appellee,*

v.

LUPIN LTD. and LUPIN PHARMACEUTICALS, INC.,

*Defendants-Appellants.*

Appeal from the United States District Court
For the District of New Jersey in Case No. 11-CV-5048,
Judge Joel A. Pisano.

## APPELLANTS' UNOPPOSED MOTION TO CONSOLIDATE

ROBERT F. GREEN
CARYN C. BORG-BREEN
MARC. R. WEZOWSKI
JESSICA M. TYRUS
LEYDIG, VOIT & MAYER, LTD.
180 N. Stetson, Suite 4900
Chicago, IL 60601-6731
(312) 616-5600

JAMAICA P. SZELIGA
LEYDIG, VOIT & MAYER
700 Thirteenth Street, N.W.
Suite 300
Washington, DC 20005-3960
(202) 737-6770

*Counsel for Defendants-Appellants Lupin Pharmaceuticals, Inc. and Lupin Ltd.*

February 18, 2014

## CERTIFICATE OF INTEREST

I, Paul H. Kochanski, Counsel for Defendants-Appellants Amneal Pharmaceuticals of New York, LLC and Amneal Pharmaceuticals, LLC, certify the following:

1. The full name of every party of *amicus* represented by me is:

   Amneal Pharmaceuticals of New York, LLC
   Amneal Pharmaceuticals, LLC

2. The name of the real party of interest (if the party named in the caption is not the real party in interest) represented by me is:

   The parties named in the caption are the real parties of interest.

3. All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by me are:

   Amneal Pharmaceuticals, LLC is owned by Amneal Pharmaceuticals Holding Company, LLC, as its direct parent, which is, in turn owned by Amneal Holdings, LLC as its sole member, and thereby, the indirect owner of Amneal Pharmaceuticals, LLC. No publicly held company owns 10% or more of Amneal Pharmaceuticals, LLC's stock.

   Amneal Pharmaceuticals of New York is a wholly-owned subsidiary of Amneal Pharmaceuticals, LLC

4. The names of all law firms and the partners or associates that appeared for the party or *amicus* now represented by me in the trial court or agency or are expected to appear in this court are:

   Paul H. Kochanski
   Charles P. Kennedy
   LERNER, DAVID, LITTENBERG,
     KRUMHOLZ & MENTLIK, LLP
   600 South Avenue West
   Westfield, New Jersey 07090

Dated: February 17, 2014                                  Respectfully submitted,

                                                          /s/ Paul H. Kochanski
                                                          Paul H. Kochanski
                                                          LERNER, DAVID, LITTENBERG,
                                                            KRUMHOLZ & MENTLIK, LLP

## **CERTIFICATE OF INTEREST**

I, Robert F. Green, Counsel for Defendants-Appellants Lupin Ltd. and Lupin Pharmaceuticals, Inc., certify the following:

1. The full name of every party or *amicus* represented by me is:

> Lupin Limited
> Lupin Pharmaceuticals, Inc.

2. The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by me is:

> The parties named in the caption are the real parties in interest.

3. All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by me are:

> Lupin Limited is a publicly traded company, has no parent company, and no publicly-held corporation owns 10% or more of its stock.

> Lupin Pharmaceuticals, Inc. is a wholly-owned subsidiary of Lupin Limited, a publicly traded company.

4. The names of all law firms and the partners or associates that appeared for the party or *amicus* now represented by me in the trial court or agency or are expected to appear in this court are:

> Karen A. Confoy
> Christopher R. Kinkade
> FOX ROTHSCHILD LLP
> 997 Lenox Drive, Bldg. 3
> Lawrenceville, New Jersey 08648

> Robert F. Green
> Caryn C. Borg-Breen
> Marc R. Wezowski
> Jessica M. Tyrus
> Nimita L. Parekh

LEYDIG, VOIT & MAYER, LTD.
Two Prudential Plaza, Suite 4900
180 N. Stetson Avenue
Chicago, IL 60601-6731

Jamaica P. Szeliga
LEYDIG, VOIT & MAYER, LTD.
700 Thirteenth Street, N.W., Suite 300
Washington, D.C. 20005-3960

Dated: February 18, 2014                    Respectfully submitted,


                                             /s/ Robert F. Green

                                            Robert F. Green
                                            LEYDIG, VOIT & MAYER, LTD.

## I. INTRODUCTION

Defendants-Appellants Lupin Ltd. and Lupin Pharmaceuticals, Inc. (collectively, "Lupin") and Amneal Pharmaceuticals of New York, LLC and Amneal Pharmaceuticals, LLC (collectively, "Amneal") (Lupin and Amneal collectively, "Appellants") respectfully move this Court to consolidate *Warner Chilcott Company, LLC, Plaintiff-Appellee v. Lupin Ltd. and Lupin Pharmaceuticals, Inc., Defendants-Appellants*, Appeal No. 2014-1262 with another appeal also pending before this Court, *Warner Chilcott Company, LLC, Plaintiff-Appellee v. Amneal Pharmaceuticals of New York, LLC and Amneal Pharmaceuticals, LLC, Defendants-Appellants*, Appeal No. 2014-1273. Both appeals stem from the same Opinion and Judgment entered by the United States District Court for the District of New Jersey, finding against Lupin and Amneal as to the obviousness of the U.S. Patent No. 7,704,984 ("the '984 patent").

Appellants consulted Warner Chilcott prior to filing this motion to consolidate. Warner Chilcott does not oppose Appellants' motion.

## II. BACKGROUND

The '984 patent, assigned to Warner Chilcott, is listed in the Food and Drug Administration's Approved Drug Products with Therapeutic Equivalence Evaluations ("Orange Book") with respect to Warner Chilcott's combination oral contraceptive product Lo Loestrin® Fe. Warner Chilcott asserted the '984 patent

1

in two separate lawsuits filed in the District of New Jersey against Lupin and Amneal, each of whom are seeking to manufacture, market and sell their respective generic versions of Lo Loestrin® Fe.

Warner Chilcott initiated the lawsuit against Lupin on September 1, 2011, in the action *Warner Chilcott Company, LLC v. Lupin Ltd. and Lupin Pharmaceuticals, Inc.*, 11-cv-05048-JAP-TJB (D.N.J.). Warner Chilcott initiated a lawsuit against Watson Laboratories, Inc., Watson Pharma, Inc., and Watson Pharmaceuticals, Inc. (collectively, "Watson") on May 16, 2012, in the action *Warner Chilcott Company, LLC v. Watson Laboratories, Inc., Watson Pharma, Inc., and Watson Pharmaceuticals, Inc.*, 12-cv-02928-JAP-TJB (D.N.J.). On September 30, 2013, Watson and Amneal entered into an agreement, pursuant to which Watson sold its ANDA for its generic version of Lo Loestrin® Fe to Amneal, and on October 7, 2013, the district court entered an order substituting Amneal for Watson as defendant, thereby making the case caption *Warner Chilcott Company, LLC v. Amneal Pharmaceuticals of New York, LLC and Amneal Pharmaceuticals, LLC*, 12-cv-2928-JAP-TJB (D.N.J.). Although the Lupin case and the Amneal case were not formally consolidated, the two cases were coordinated and proceeded jointly before Judge Joel A. Pisano.

In both the Lupin case and the Amneal case, Warner Chilcott asserted, *inter alia*, that the defendants' filing of their respective Abbreviated New Drug

2

Applications ("ANDAs") seeking approval from the FDA to manufacture, market and sell generic versions of Warner Chilcott's Lo Loestrin® Fe oral contraceptive infringed the '984 patent. On March 14, 2013, Lupin and Warner Chilcott entered into a Consent Order, in which Lupin stipulated to infringement of all claims of the '984 patent. Similarly, on October 7, 2013, Amneal also stipulated to infringement of all claims of the '984 patent.

During a seven-day bench trial that was held commencing on October 7, 2013, and ending on October 17, 2013, Lupin and Amneal presented evidence that the claims of the '984 patent were invalid as obvious under 35 U.S.C. § 103. On January 17, 2014, the district court issued an Opinion and a Judgment, in both the Lupin case and the Amneal case, finding against Lupin and Amneal as to the obviousness of the '984 patent.

Lupin filed a Notice of Appeal on January 21, 2014, and Amneal filed a Notice of Appeal shortly thereafter, on January 28, 2014. Lupin's appeal was docketed on January 27, 2014, and Amneal's appeal was docketed on January 30, 2014.

### III. ARGUMENT

Consolidation is proper where two cases rest on similar facts, involve related legal issues, and where consolidation will promote the interests of justice. *See Allen v. Dep't of Veterans Affairs*, 396 Fed. App'x. 682, 683 (Fed. Cir. 2010)

(unpublished) ("Because the cases involve similar issues, the court agrees that consolidation is appropriate"). Because the Lupin appeal and the Amneal appeal involve the same legal issues, the same patent, and the same prior art references, Appellants move the Court to consolidate these appeals.

First, both appeals involve the identical legal issue – whether or not the '984 patent is invalid as obvious – stemming from the same Opinion and Judgment by Judge Pisano. The Lupin and Amneal cases each involves the same determination of non-obviousness of the '984 patent by Judge Pisano after the same trial, and each involves identical arguments made at trial, based on the same prior art references. Thus, consolidation is appropriate.

Additionally, consolidation would serve the interests of the parties and the Court. Consolidation will allow all of the Appellants (as well as Warner Chilcott) to file one set of briefs. Further, the Court will be able to resolve both cases at once, without receiving duplicative briefing and argument on identical legal and factual issues. These efficiencies also favor consolidation.

## IV. CONCLUSION

For these reasons, Appellants respectfully move this Court to consolidate *Warner Chilcott Company, LLC, Plaintiff-Appellee v. Lupin Ltd. and Lupin Pharmaceuticals, Inc., Defendants-Appellants*, Appeal No. 2014-1262, with *Warner Chilcott Company, LLC, Plaintiff-Appellee v. Amneal Pharmaceuticals of*

*New York, LLC and Amneal Pharmaceuticals, LLC, Defendants-Appellants*,

Appeal No. 2014-1273.

Respectfully submitted,

/s/ Robert F. Green
Robert F. Green
Caryn C. Borg-Breen
Marc R. Wezowski
Jessica M. Tyrus
LEYDIG, VOIT & MAYER, LTD.
Two Prudential Plaza, Suite 4900
180 North Stetson
Chicago, Illinois 60601
Telephone: (312) 616-5600
Facsimile: (312) 616-5700

Jamaica P. Szeliga
LEYDIG, VOIT & MAYER, LTD.
700 Thirteenth Street, N.W.
Washington, D.C. 20005-3960
Telephone: (202) 737-6770
Facsimile: (202) 737-6776

*Counsel for Defendants-Appellants
Lupin Ltd. and Lupin Pharmaceuticals, Inc.*


/s/ Paul H. Kochanski
Paul H. Kochanski
LERNER, DAVID, LITTENBERG,
KRUMHOLZ & MENTLIK, LLP
600 South Avenue West
Westfield, New Jersey 07090
Telephone: (908) 518-6314

*Counsel for Defendants-Appellants Amneal
Pharmaceuticals of New York, LLC and
Amneal Pharmaceuticals, LLC*